FILED
CLERK, U.S. DISTRICT COURT
07/31/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PAZ SANCHEZ-MAJANO,<br><br>　　　　Defendant. | No. 2:25-cr-00629-FMO<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1343: Wire Fraud;<br>18 U.S.C. §1957: Money Laundering] |

The Acting United States Attorney charges:

COUNT ONE

[18 U.S.C. § 1343]

A.　INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.　Defendant PAZ SANCHEZ-MAJANO was the Managing Partner, Co-Founder, and Chief Operating Officer of Bonanza Global Solutions, LLC ("Bonanza") located in Beverly Hills, California.

2.　Through public websites and marketing materials, defendant SANCHEZ-MAJANO advertised Bonanza as a hedge fund with the mission of providing attractive profitability and growth

opportunities in cryptocurrency, stock market trading, oil, and real estate.

3. Through Bonanza, defendant SANCHEZ-MAJANO offered investors the opportunity to purchase "Bonanza Packages" that ranged in purchase price from $500 to $1 million and guaranteed a 10%-15% rate of return depending on the frequency of interest payments selected by the investor.

4. To make investors feel secure, defendant SANCHEZ-MAJANO, through Bonanza, represented that (1) qualified investors could insure their investment for a period of 2 years with a fixed monthly return of 5% through New York Life Insurance or State Farm; (2) there was a "Money-Back Guarantee" so investors could receive 80% of their capital they invested within five business days if they made a written request for "immediate access" to their funds; and (3) Bonanza maintained $10 million in cash reserves to protect the investors' principal funds.

B.   THE SCHEME TO DEFRAUD

5. Beginning in or around February 2022 and continuing until at least in or around March 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant SANCHEZ-MAJANO, knowingly and with intent to defraud, devised, participated in, and executed a scheme to obtain money from investors of Bonanza by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

6. The fraudulent scheme operated, in substance, as follows:

       a.   Through Bonanza, defendant SANCHEZ-MAJANO solicited investors to purchase packages in the form of promissory notes promising a fixed return, insured principal both by third-party insurance companies and large cash reserves, and a money-back guarantee.

       b.   As one of the founders, defendant SANCHEZ-MAJANO told Bonanza investors that he should be trusted to manage small or large quantities of investor funds to trade and buy cryptocurrency.

       c.   In reality, (1) Bonanza did not pay the promised returns as most of the investor money was used for business expenses and, in some instances, personal expenses; (2) the investor money was not insured by third-party insurance companies; (3) Bonanza did not have $10 million in cash reserves; (4) Bonanza did not return investor funds when requested under the purported money-back guarantee; and (5) defendant SANCHEZ-MAJANO was a convicted felon and had a bankruptcy.

7.   Based on the fraudulent scheme above, defendant SANCHEZ-MAJANO caused approximately 450 investors to lose approximately $5 million.

C.   THE USE OF AN INTERSTATE WIRE

8.   On or about August 11, 2022, in Los Angeles County, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant SANCHEZ-MAJANO caused the transmission of $300,000 from victim investor M.M.'s Citibank account to Bonanza's Bank of America account located in Beverly Hills, California for an

3

investment in Bonanza.  This fund transfer was processed through two data centers located in New Jersey and Texas.

COUNT TWO

[18 U.S.C. § 1957]

9. On or about September 14, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant PAZ SANCHEZ-MAJANO knowingly engaged in a monetary transaction of a value greater than $10,000, involving funds that he knew to be criminally derived property, and which property, in fact, was derived from specified unlawful activity, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343, specifically, the issuance of a $22,555.75 cashier's check from Bonanza Global Solutions, LLC's Bank of America account in Beverly Hills, California payable to a law firm for unrelated legal fees.

BILAL A. ESSAYLI
Acting United States Attorney

*/s/ Christina Shay*

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

JENNIFER L. WAIER
Assistant United States Attorney
Chief Assistant United States Attorney